IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEDICIS PHARMACEUTICAL CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> NYCOMED US INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 10-1099-SLR |

**NYCOMED US INC.'S REPLY BRIEF IN SUPPORT OF ITS
MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK**

OF COUNSEL:

David B. Bassett
david.bassett@wilmerhale.com
David A. Manspeizer
david.manspeizer@wilmerhale.com
Andrew B. Zoltan
andrew.zoltan@wilmerhale.com
Omar A. Khan
omar.khan@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
399 Park Avenue
New York, New York 10022
(212) 230-8800

Christine Duh
christine.duh@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
(650) 858-6051

Dated: April 19, 2011

Jeffrey L. Moyer (#3309)
Jason J. Rawnsley (#5379)
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, Delaware 19801
moyer@rlf.com
rawnsley@rlf.com
(302) 651-7700

*Attorneys for Defendant Nycomed US Inc.*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

I. INTRODUCTION ............................................................................................................1

II. ARGUMENT ....................................................................................................................3

    A.    This Action Should Be Transferred To New York. ................................................3

    B.    Transfer Will Serve The Interests Of The Parties, The Witnesses, And The Court(s) In Avoiding Wasteful Duplication Of Efforts. ..........................................3

    C.    New York Is The Center Of Any Cognizable Dispute Between The Parties ..........6

    D.    Medicis's Arguments Cannot Defeat Transfer .......................................................6

III. CONCLUSION ..................................................................................................................8

# TABLE OF AUTHORITIES

Federal Cases

*Aventis Pharma Deutschland GMBH v. Lupin Ltd.*,
  403 F. Supp. 2d 484 (E.D. Va. 2005) ................................................................................ 7

*Ballard Med. Prods. v. Concord Labs., Inc.*,
  700 F. Supp. 796 (D. Del. 1988) .................................................................................. 5, 6

*Brunswick Corp. v. Precor Inc.*,
  C.A. No. 00-691-GMS, 2000 WL 1876477 (D. Del. Dec. 12, 2000) ............................. 3

*CIBC World Mkts., Inc. v. Deutsche Bank Sec., Inc.*,
  309 F. Supp. 2d 637 (D.N.J. 2004) ............................................................................... 5, 7

*Crackau v. Lucent Techs.*,
  C.A. No. 03-1376, 2003 WL 22927231 (D.N.J. Nov. 24, 2003) .................................. 5, 6

*Nilssen v. Osram Sylvania, Inc.*,
  C.A. No. 00-695-JJF, 2001 WL 34368395 (D. Del. May 1, 2001) ............................... 3, 4

*SmithKline Corp. v. Sterling Drug, Inc.*,
  406 F. Supp. 52 (D. Del. 1975) ..................................................................................... 6, 7

## I. INTRODUCTION

As set forth in Nycomed's opening brief, this is the third of three patent infringement lawsuits filed by Medicis against Nycomed. The first two lawsuits were identical actions filed on May 19, 2010 – one in the Southern District of New York ("the New York Action") and one in this District ("the First Delaware Action") (collectively, "the Original Actions"). *See* Duh Decl. [D.I. 10-1], Ex. A (Complaint in New York Action) & B (Complaint in First Delaware Action). The Original Actions alleged infringement of the same three patents. After Nycomed filed a motion to transfer the First Delaware Action to the Southern District of New York, Medicis filed the current lawsuit in this District only, alleging infringement of a fourth patent, which is related to (and shares the same specification as) the three patents in the Original Actions.

In opposing transfer of the First Delaware Action, Medicis referred liberally to the current lawsuit in an attempt to defeat transfer. In particular, Medicis argued that keeping the First Delaware Action in this District along with the current lawsuit would "conserve judicial and party resources. Otherwise, there will be a wasteful duplication of efforts if two courts are required to study the science and technology of the patents-in-suit, and for the parties to engage in duplicative discovery, motion practice, and trial proceedings." *See* Supp. Duh Decl., Ex. A (Medicis's Opp. Br. [D.I. 20] in *Medicis Pharm. Corp. v. Nycomed US Inc. et al.*, C.A. No. 10-419-SLR (D. Del.)) at 1-2. Medicis further argued that "keeping the case in Delaware [with the current lawsuit] alleviates the potential for inconsistent rulings." *Id.* at 2.

Since Nycomed filed this motion to transfer the current lawsuit to the Southern District of New York, this Court has transferred the First Delaware Action to the Southern District of New York. *See* Supp. Duh Decl., Ex. B (Memorandum Order [D.I. 29] in *Medicis Pharm. Corp. v.*

*Nycomed US Inc. et al.*, Civ. No. 10-419-SLR (D. Del.)). In doing so, this Court stated: "The unusual circumstances of this case . . . tip the balance in favor of transfer, that is, plaintiff Medicis filed suit simultaneously in two appropriate courts, the District of Delaware and the Southern District of New York; the suit in New York has progressed faster than that at bar; and New York is the center of the dispute between the parties. There certainly is no reason for both actions to proceed and no compelling reason for the suit at bar to be the one to survive." *Id.* at 5.

After this Court granted Nycomed's motion to transfer the related action, counsel for Nycomed contacted counsel for Medicis to request that Medicis consent to transfer the current lawsuit to New York voluntarily, where – consistent with the arguments Medicis made to this Court – it can proceed alongside (or be consolidated with) the Original Actions. Counsel for Medicis stated, however, that Medicis would not consent. Yet, as Medicis itself argued to this Court, keeping these actions together would conserve judicial and party resources, avoid wasteful duplication of efforts, and alleviate the potential for inconsistent rulings. In addition, transferring the current lawsuit would allow all related actions to proceed in New York – the center of any viable dispute between the parties. Accordingly, for the reasons set forth by both Nycomed and Medicis, Nycomed respectfully requests that this Court grant Nycomed's motion to transfer venue.[1]

---

[1] Contemporaneous with the filing of the instant Motion to Transfer, Nycomed filed a Motion to Dismiss the Complaint. *See* D.I. 11. Although Nycomed believes that its Motion to Dismiss should be granted, Nycomed respectfully suggests that the Court hold that Motion in abeyance until after it has decided the instant Motion to Transfer. If the Court decides to transfer this action, Nycomed's Motion to Dismiss can instead be addressed by the Southern District of New York.

## II. ARGUMENT

### A. This Action Should Be Transferred To New York.

Medicis does not dispute that venue is proper in the Southern District of New York. In fact, the Original Actions are both proceeding in New York. Therefore, the key inquiry before the Court is whether transfer will serve the convenience of the parties and witnesses and promote the interests of justice. As set forth in Nycomed's opening brief, nearly all of the relevant *Jumara* factors weigh heavily in favor of transfer. *See* Opening Br. [D.I. 8] at Parts III.B-D. Moreover, because the First Delaware Action has since been transferred to the Southern District of New York, both of the Original Actions will proceed in that district regardless of where the current lawsuit proceeds. Transferring this lawsuit to New York where it can proceed alongside (and potentially be consolidated with) the Original Actions will serve the interests of all.

### B. Transfer Will Serve The Interests Of The Parties, The Witnesses, And The Court(s) In Avoiding Wasteful Duplication Of Efforts.

"Where related lawsuits exist, it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court." *See Brunswick Corp. v. Precor Inc.*, C.A. No. 00-691-GMS, 2000 WL 1876477, at *3 (D. Del. Dec. 12, 2000) (citation and internal quotation marks omitted). In *Brunswick Corp. v. Precor Inc.*, the Court granted a motion to transfer to Washington, relying heavily on the existence of patent litigation in that forum involving "a parent patent of the one at issue" and a patent involving a similar type of product which was arguably "directly related" to the patent at issue. *See id.* Similarly, in *Nilssen v. Osram Sylvania, Inc.*, this Court granted transfer to Illinois where related actions were already pending. *Nilssen v. Osram Sylvania, Inc.*, C.A. No. 00-695-JJF, 2001 WL 34368395, at *4 (D. Del. May 1, 2001). In doing so, the *Nilssen* Court "conclude[d] that the waste of judicial resources in requiring two different courts to construe at least six of the same patents, and to

render *Markman* rulings on each of these patents, is a factor that strongly weighs in favor of transfer." *Id.*

Here, both of the Original Actions are pending in New York. The parties have filed a Joint Rule 26(f) Report and recently exchanged initial disclosures in connection with the New York Action, and an Initial Pretrial Conference has been scheduled for May 20, 2011.[2]

Medicis does not – and cannot – dispute that the current lawsuit involves common questions of both law and fact with the Original Actions now pending in the Southern District of New York. First, the sole patent at issue in this lawsuit (the '738 patent) shares the same title and specification as the three patents asserted in the Original Actions. Medicis itself describes "[e]ach of these patents [as] cover[ing] a composition or method for enhancing the potency of fluocinonide hydrochloride, the active ingredient in Vanos®." *See* Supp. Duh Decl., Ex. A (Medicis's Opp. Br. in First Delaware Action) at 4. And the Complaint in this action describes and attaches as Exhibits the three patents asserted in the Original Actions. *See* D.I. 1 (Complaint), ¶¶ 7-9 & Exs. A-C. Second, Medicis purports to base its claims in this lawsuit on ANDA No. 20-735, the same ANDA on which Medicis bases its claims in the Original Actions. *See, e.g., id.,* ¶ 13; Duh Decl. [D.I. 10-1], Ex. A (Complaint in New York Action), ¶ 16; Duh Decl. [D.I. 10-1], Ex. B (Complaint in First Delaware Action), ¶ 16. Third, according to Medicis, the Complaint in the current action "included similar counts for infringement under §§271(e)(2)(A) and (a)-(c) as were included in the pending Delaware and New York actions [*i.e.,* the Original Actions]." *See* Opp. Br. [D.I. 16] at 6-7.

---

[2] A scheduling conference was previously held on March 11, 2011, before Judge Kaplan. During that conference, Judge Kaplan informed the parties that he had taken senior status and that the case was being reassigned. On April 8, 2011, the case was reassigned to Judge Cote, who has set an Initial Pretrial Conference for May 20, 2011.

Because of the common issues involved in this lawsuit and the Original Actions, there will undoubtedly be significant overlap in: (1) the witnesses (both party and non-party) who will need to be deposed and testify at trial; and (2) the issues, including claim construction and invalidity, that will need to be decided by the Court(s). "Where, as here, related lawsuits are pending elsewhere, transferring a case serves not only private interests but also the interests of justice because it eliminates the possibility of inconsistent results . . . and conserves judicial resources." *CIBC World Mkts., Inc. v. Deutsche Bank Sec., Inc.*, 309 F. Supp. 2d 637, 651 (D.N.J. 2004) (transferring case to forum where four similar cases were pending). Accordingly, this case should be transferred to the Southern District of New York where all of the related actions can proceed together.

Indeed, Medicis previously emphasized to this Court the great benefit in keeping the current lawsuit in the same court as the Original Actions. In its opposition to Nycomed's motion to transfer in the First Delaware Action, Medicis stated:

> Finally, the '738 action is pending only in Delaware. Even if this action [*i.e.*, the First Delaware Action] were transferred to New York, the '738 case will proceed in this Court. Allowing both cases to remain in Delaware will conserve judicial and party resources. Both courts will avoid duplicative efforts to become familiar with the science and technology of the patents-in-suit. The parties will avoid the need for duplicative discovery and motion practice. And the Courts and the parties will avoid the need for two trials and the possibility of inconsistent rulings.

Supp. Duh Decl., Ex. A (Medicis' Opp. Br. in First Delaware Action) at 15. Given that both of the Original Actions are now pending in New York, Medicis' own arguments make clear that the current lawsuit should also be transferred to New York. As Medicis well knows, there is no sound reason why this action should proceed alone in this district. *See Crackau v. Lucent Techs.*, C.A. No. 03-1376, 2003 WL 22927231, at *5 (D.N.J. Nov. 24, 2003) (transferring case to forum where a substantively identical case was pending) ("[T]he dispositive factor – as is often the case

- 5 -

with transfer motions when a related case is pending in a different district – is the interest of all (parties, witnesses and the court) in avoiding wasteful duplication of efforts."). *See also SmithKline Corp. v. Sterling Drug, Inc.*, 406 F. Supp. 52, 55 (D. Del. 1975) (noting the "strong policy favoring the litigation of related claims before the same tribunal" and granting motion to transfer); *Ballard Med. Prods. v. Concord Labs., Inc.*, 700 F. Supp. 796, 801-02 (D. Del. 1988) (holding that the interests of justice were better served by transfer to forum where action involving "almost identical issues" was pending).

### C. New York Is The Center Of Any Cognizable Dispute Between The Parties

As discussed in Nycomed's opening brief, to the extent Medicis has a cognizable claim, the central facts underlying its allegations – including the preparation and filing of the subject ANDA and the development of the accused product – occurred in New York. *See* Opening Br. [D.I. 8] at Parts II.B-C & III.C.3. The design and development of Nycomed's ANDA product occurred in New York, not Delaware. Nycomed conducted all of the basic research, development and manufacturing relating to its fluocinonide cream, 0.1%, in New York. And the relevant clinical studies were conducted and managed in Pennsylvania and New York. No work was done in Delaware. Further, Nycomed prepared the ANDA that Medicis claims is the subject of this dispute in New York, not Delaware, and submitted that ANDA for filing from New York. Put simply, *none* of the relevant facts underlying Medicis's infringement allegations has any connection with Delaware. *See id.* That New York, not Delaware, is the "center of gravity" with respect to the allegations in this lawsuit tips the balance even more strongly in favor of transfer.

### D. Medicis's Arguments Cannot Defeat Transfer

In its opposition brief, Medicis focuses primarily on the deference generally given to a

plaintiff's choice of forum and the existence of the First Delaware Action.[3] First, Medicis contends that its choice of forum is paramount. But as set forth in Nycomed's opening brief, multiple factors exist in this case that severely diminish the weight usually afforded a plaintiff's choice of forum. *See* Opening Br. [D.I. 8] at Part III.C.1. Medicis's choice of forum is now even more diminished by the pendency of both Original Actions in New York. Indeed, it is well settled in this District that any deference that might be owed to a plaintiff's choice of forum is limited by the "strong policy favoring the litigation of related claims before the same tribunal." *SmithKline Corp.*, 406 F. Supp. at 54-56 (holding that the substantial weight accorded to a plaintiff's choice of forum was overridden by the benefit of avoiding duplicative litigation); *see also CIBC World Mkts., Inc.*, 309 F. Supp. 2d at 651 ("[T]he importance of the plaintiff's choice of forum can be outweighed by other crucial factors such as promoting judicial economy and avoiding the possibility of inconsistent results.").

Second, Medicis contends that there was nothing inappropriate with its having filed suit simultaneously in New York and Delaware. Medicis further contends that, by answering the complaint that Medicis *itself* chose to file in New York, Nycomed "usurp[ed] Medicis' right to choose the forum in which to protect its patent rights . . . ." *See* Opp. Br. [D.I. 16] at 2. Having filed the New York Action, however, Medicis should not be heard to complain that the New York Action is proceeding. *See, e.g., Aventis Pharma Deutschland GMBH v. Lupin Ltd.*, 403 F. Supp. 2d 484, 491 (E.D. Va. 2005) ("Plaintiffs, and no one else, filed two identical lawsuits in two different forums . . . . They should not be surprised this lawsuit is proceeding, as that is what happens when you file suit . . . ."). Regardless, as discussed above, ***both of the Original***

---

[3] At the time of Medicis's opposition, the First Delaware Action had not yet been transferred. Both of the Original Actions are now pending in New York.

*Actions are now proceeding in New York*, a fact that weighs heavily in favor of transfer. There is simply no reason for the current action to proceed alone in Delaware.

### III. CONCLUSION

For the foregoing reasons, Nycomed respectfully requests that the Court grant Nycomed's motion to transfer venue to the Southern District of New York.

| | |
|---|---|
| OF COUNSEL: | */s/ Jason J. Rawnsley*<br>Jeffrey L. Moyer (#3309) |
| David B. Bassett<br>david.bassett@wilmerhale.com<br>David A. Manspeizer<br>david.manspeizer@wilmerhale.com<br>Andrew B. Zoltan<br>andrew.zoltan@wilmerhale.com<br>Omar A. Khan<br>omar.khan@wilmerhale.com<br>WILMER CUTLER PICKERING HALE<br>AND DORR LLP<br>399 Park Avenue<br>New York, New York 10022<br>(212) 230-8800 | Jason J. Rawnsley (#5379)<br>Richards, Layton & Finger, P.A.<br>920 North King Street<br>Wilmington, Delaware 19801<br>moyer@rlf.com<br>rawnsley@rlf.com<br>(302) 651-7700<br><br>*Attorneys for Defendant Nycomed US Inc.* |

Christine Duh
christine.duh@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
(650) 858-6051

Dated: April 19, 2011

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2011, I caused to be filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing(s), and have sent the foregoing document (s) by electronic mail to the following:

> Jack B. Blumenfeld, Esquire
> Karen Jacobs Louden, Esquire
> Morris, Nichols, Arsht & Tunnell
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899

I further certify that on April 19, 2011, I have sent by electronic mail the foregoing document to the following non-registered participants:

> Andrew M. Berdon, Esquire
> Robert B. Wilson, Esquire
> James E. Baker, Esquire
> Quinn Emanuel Urquhart & Sullivan, LLP
> 51 Madison Avenue – 22nd Floor
> New York, NY 10010-1601

> */s/ Jason J. Rawnsley*
> Jason J. Rawnsley (#5379)
> rawnsley@rlf.com