IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MEDICIS PHARMACEUTICAL )
CORPORATION, )
                                )
        Plaintiff, )
                                )
   v. )  C.A. No. 10-1099-SLR
                                )
NYCOMED US INC., )
                                )
        Defendant. )

## MEMORANDUM ORDER

At Wilmington this 16th day of June, 2011, having considered defendant's motion to transfer, as well as the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 7) is granted, for the reasons that follow:

1. **Background.** Plaintiff is a Delaware corporation with its principal place of business in Scottsdale, Arizona. (D.I. 1 at ¶ 1) Defendant is a New York corporation with its principal place of business in Melville, New York. (*Id.* at ¶ 2) Both plaintiff and defendant are engaged in developing and manufacturing pharmaceutical products. (*Id.* at ¶ 1, 6) Neither plaintiff nor defendant maintain a place of business in Delaware. (D.I. 8 at 3-4)

2. The dispute between the parties for the instant action arises from defendant's submission of an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") to manufacture, market, and sell fluocinonide cream, 0.1%. (D.I. 8 at 3) Plaintiff is the holder of New Drug Application ("NDA") No. 21-758 for Vanos® (fluocinonide) 0.1% cream ("Vanos®"), which has been approved by the FDA

for the treatment of psoriasis, atopic dermatitis, and corticosteroid responsive dermatoses. In relation to Vanos®, plaintiff is the assignee of four patents: U.S. Patent Nos. 6,765,001 ("the '001 patent"); 7,220,424 ("the '424 patent"); 7,217,422 ("the '422 patent"); and 7,794,738 ("the '738 patent"). (D.I. 1 at ¶ 7-10) All four patents, which share the same title and specification, cover a composition or method for enhancing the potency of fluocinonide hydrochloride, the active ingredient in Vanos®. (D.I. 19 at 4; D.I. 20, ex. A at 4) The '738 patent is a continuation of the '422 patent. (D.I. 1, ex. D)

3. On May 19, 2010, plaintiff filed two identical actions against defendant – one in this district (D. Del. Civ. No. 10-419) and one in the Southern District of New York (S.D.N.Y. Civ. No. 10-CV-4140, "the New York action") (collectively "the first actions"). (D.I. 8 at 2) Both complaints alleged infringement of the '001, '424, and '422 patents. (*Id.*) Defendant filed a motion to transfer Civ. No. 10-419 to the Southern District of New York, whereupon plaintiff filed the current lawsuit against defendant, alleging infringement of the '738 patent. (*Id.* at 1, 3)

4. On February 15, 2011, defendant moved to transfer the instant action to the Southern District of New York. (D.I. 7 at 1) Meanwhile, on March 31, 2011, the court granted defendant's motion to transfer Civ. No. 10-419 to the Southern District of New York, due to the fact that the New York action had progressed faster. (D.I. 20, ex. B at 1, 5) Defendant now asserts that transfer of the instant action would be appropriate because it would promote the interests of justice, as: (1) allowing this case to proceed in the same court as the first actions would eliminate the possibility of inconsistent results and would conserve judicial resources; and (2) none of the allegedly infringing acts occurred in Delaware. (D.I. 19) Plaintiff opposes transfer, asserting that plaintiff's

2

choice of forum should be accorded paramount consideration. (D.I. 16)

5. **Standard of review.** Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interests of justice. Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 208 (D. Del. 1998).

6. The burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favor the defendants." *Bergman v. Brainin*, 512 F. Supp. 972, 973 (D. Del. 1981) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)); *Medicis Pharmaceutical Corp. v. Nycomed U.S. Inc.*, Civ. No., 10-419-SLR, 2011 WL 1230276, at *2 (D. Del. Mar. 31, 2011). "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail." *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 567-68 (D. Del. 2001); *Shutte*, 431 F.2d at 25. The deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason. *C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556, 562 (D. Del. 1998); *Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc.*, Civ. No., 01-199, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001); *Padcom, Inc. v. NetMotion Wireless, Inc.*, Civ. No., 03-983-SLR, 2004 WL 1192641, at *7 (D. Del. May 24, 2004). Although transfer of an action is usually considered as less inconvenient to a plaintiff if the plaintiff has not chosen its "'home turf' or a forum where the alleged wrongful activity

3

occurred, the plaintiff's choice of forum is still of paramount consideration, and the

burden remains at all times on the defendants to show that the balance of convenience

and the interests of justice weigh strongly in favor of transfer." *In re M.L.-Lee*

*Acquisition Fund II, L.P.*, 816 F. Supp. 973, 976 (D. Del. 1993).

7. The Third Circuit has indicated that the analysis for transfer is very broad.

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (1995). Although emphasizing that

"there is no definitive formula or list of factors to consider," *Id.*, the Third Circuit has

identified potential factors it characterized as either private or public interests. The

private interests include:

> (1) plaintiff's forum preference as manifested in the original choice; (2)
> defendant's preference; (3) whether the claim arose elsewhere; (4) the
> convenience of the parties as indicated by their relative physical and financial
> condition; (5) the convenience of the witnesses but only to the extent that the
> witnesses may actually be unavailable for trail in one of the fora; and (6)
> location of books and records (similarly limited to the extent that the files
> could not be produced in the alternative forum).

*Id.* (citations omitted). The public interests include:

> (1) the enforceability of the judgment; (2) practical considerations that could
> make the trial easy, expeditious, or inexpensive; (3) the relative
> administrative difficulty in the two fora resulting from court congestion; (4) the
> local interest in deciding local controversies at home; (5) the public policies
> of the fora; and (6) the familiarity of the trial judge with the applicable state
> law in diversity cases.

*Id.* (citations omitted).

8. **Analysis.** In the court's usual analysis for transfer cases, plaintiff's choice of

forum is given paramount consideration, particularly where, as in this case, plaintiff is a

Delaware corporation and where, in this age of electronic discovery, the proximity of

New York to Delaware does not give rise to any undue burdens.

4

9.  Nevertheless, the case at bar shares common questions of law and fact with the first actions, which are now proceeding in the Southern District of New York.  (D.I. 19 at 3-4)  In particular, the '738 patent is a continuation of the '242 patent at issue in the first actions, and plaintiff's claim in this case is based on the same ANDA.  (D.I. 1, ex. D; D.I. 19 at 4)  Thus, it is in the interest of judicial economy to transfer the current lawsuit to the Southern District of New York so that both courts may avoid redundant efforts and the possibility of inconsistent results.  Moreover, there is no compelling reason for this case to proceed alone in this district.  (D.I. 8 at 1)

10.  **Conclusion.**  Given that the current action is substantively related to a suit previously transferred to the Southern District of New York, and because these circumstances present a persuasive enough reason to overcome the deference usually afforded to plaintiff's choice of forum, defendant's motion to transfer is granted.

_____
United States District Judge

5